914 F.2d 248
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jim NICHOLSON, Plaintiff-Appellee,
v.
Reta COX, A-1, Incorporated, d/b/a A-1 Mobile Homes,
Defendants-Appellants.
 No. 89-1521.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1990.
Decided Sept. 11, 1990.
Rehearing and Rehearing In Banc Denied Oct. 12, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Karen L. Henderson, District Judge. (CA-88-1805-3)
 Mortimer Meyeer Weinberg, Jr., Weinberg, Brown and MacDougall, Sumter, S.C., (Argued), for appellants, M.M. Weinberg, III, Weinberg, Brown and MacDougall, Sumter, S.C., on brief.
 Peter L. Murphy, Glenn, Irvin, Murphy, Gray & Stepp, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and FRANKLIN T. DUPREE, Jr., Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Jim Nicholson, a former salesman for A-1 Mobile Homes, Inc. ("A-1"), brought this diversity action in the district of South Carolina against A-1 and Reta Cox, A-1's sales manager, for libel and slander. In the trial below, Nicholson obtained a judgment of $10,000 compensatory damages and $15,000 punitive damages. On appeal, Cox and A-1 assert a host of trial errors. We affirm.
 
 
 2
 The genesis of this dispute concerned certain activities undertaken by Nicholson to help "close" specific mobile home sales. It was developed at trial that Nicholson promised one buyer an extra king-size bed and mattress as inducement for the sale; he provided another buyer with electrical wiring for a "hook-up" to the customer's power poles; and he agreed to pay a third buyer, who happened to be a carpenter, to refit a dishwasher under the kitchen counter of the buyer's new mobile home. The costs to A-1 for the three items were approximately $167, $66, and $250, respectively.
 
 
 3
 Nicholson contended that Cox specifically approved the mattress and dishwasher arrangements. Nicholson further testified that he authorized the electrical wiring because that had been the company's practice. The company changed this policy around the time Nicholson entered into that sale.
 
 
 4
 Cox, however, denied giving such approval and this disagreement provided the background for the libel and slander. In a confrontation between the two, Cox demanded that Nicholson reimburse the company for these expenses; he refused and was subsequently fired.
 
 
 5
 In a written statement provided Nicholson explaining the reasons for his discharge, Cox stated that Nicholson was fired for "[l]ying to customers and G.M." This statement was later sent to Cox's supervisor. On that same day, Cox met with the other salesmen of the mobile home company and explained the incident, stating that Nicholson had been fired for lying and cheating customers. Later that day, Cox identified other customers with whom Nicholson had recently dealt and telephoned at least one of them, a Mrs. Rogers. Rogers testified that Cox telephoned her advising that Nicholson had been fired for lying to customers and that he was nothing but a "liar and a cheater," adding that if she dealt with Nicholson she would "get stuck." Evidence also indicated that in dealing with the customers who claimed reimbursement for the carpenter work, Cox advised them that Nicholson had lied to other customers as well as to them.
 
 
 6
 Cox and A-1 assign fourteen grounds of contended error. We, of course, consider these contentions under South Carolina law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938). Moreover, in addressing these arguments we must view the evidence in a light most favorable to Nicholson and award him the benefit of all reasonable inferences. Cooper v. Dyke, 814 F.2d 941, 944 (4th Cir.1987). So viewed, we are easily persuaded that there was sufficient evidence to sustain the verdict on both libel and slander counts and that no qualified privilege protected Cox's statements.
 
 
 7
 The defendants also contend that there was insufficient evidence to support the compensatory damage award, that the defendants successfully rebutted any presumption of general damages and that, even if that were not true, the amount of the award was excessive. The defendants further assert that the district court erred as a matter of law in allowing the question of punitive damages to go to the jury, claiming that Nicholson failed to show actual malice. We find no merit to any of these contentions nor to the remaining assignments of error relating primarily to evidentiary rulings by the court or remarks made by Nicholson's counsel in his summation to the jury.
 
 
 8
 In view of the above, the judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.